UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DONTE BRANDON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 19-cv-2321 (APM) |
| STEVEN T. MNUCHIN, et al., | ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM OPINION

Pro se Plaintiff Donte Brandon originally brought this action in D.C. Superior Court, filing a one-page complaint that alleges as follows:

> Harassment emotional distress and reprimand me on 6-27-19, Employee Thomas Britton attempted to assault me 3 time or the last year and half timeframe. I have is hostile work environment for the last year half and he caused to be hurt on the job.

Compl., ECF No. 1-1, at 2. Generously read, Plaintiff appears to assert claims under (1) the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671, (assault and battery); (2) Title VII, *see* 42 U.S.C. § 2000e *et seq.* (hostile work environment); and (3) the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* (disability discrimination). Defendant Steven Munchin now moves to dismiss all claims. *See* Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 4 [hereinafter Def.'s Mot.].

The court agrees with Defendant that the court lacks jurisdiction to hear Plaintiff's FTCA and Rehabilitation Act claims. *See* Def.'s Mem. of P&A in Support of Def.'s Mot., ECF No. 4-1 [hereinafter Def.'s Mem.], at 6–7; Def.'s Reply Mem. in Support of Def.'s Mot., ECF No. 9 [hereinafter Def.'s Reply]. Administrative exhaustion is a jurisdictional prerequisite under the FTCA and the Rehabilitation Act. *See Simpkins v. District of Columbia*, 108 F.3d 366, 370–71

(D.C. Cir. 1997) (noting administrative exhaustion requirement under the FTCA); *Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (noting the same under the Rehabilitation Act). Although Plaintiff appears to have filed administrative claims pursuant to both statutes, those claims remain pending and therefore are unexhausted. *See* Def.'s Mem., Ex. A., Decl. of Mary-Ellan Krcha, ECF No. 4-2, at 2–3; Def.'s Reply, Ex. A, Decl. of Keona L. Hill, ECF No. 9-1 [hereinafter Hill Decl.], at 2–5. Plaintiff must pursue his pending administrative claims and obtain a final agency decision on those claims before bringing a federal lawsuit. Until then, this court lacks jurisdiction as to Plaintiff's FTCA and Rehabilitation Act claims.

As for his Title VII claim, although not strictly a jurisdictional requirement, "Government employees alleging discrimination in violation of Title VII . . . must exhaust administrative remedies before bringing their claims to federal court." *Hamilton v. Geithner*, 666 F.3d 1344, 1349 (D.C. Cir. 2012). Here, once more, Plaintiff appears to have made administrative claims under Title VII, *see* Hill Decl., but those claims remain unresolved. He therefore fails to state a Title VII claim.

In light of the foregoing, the court need not reach Defendant's alternative argument that the court lacks jurisdiction under the doctrine of derivative jurisdiction. *See* Def.'s Mem. at 2–5.

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Plaintiff's motion for remand, *see* ECF No. 7, is denied. Plaintiff's request for a new administrative judge and a global settlement is also denied. *See* ECF No. 8. A separate final order accompanies this Memorandum Opinion.

Dated: November 6, 2019

Amit P. Mehta
United States District Court Judge